UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF AN APPLICATION | ) | |
| OF THE UNITED STATES OF AMERICA | ) | |
| FOR A WARRANT TO OBTAIN | ) | |
| RECORDS, LOCATION INFORMATION, | ) | |
| INCLUDING PRECISION LOCATION | ) | No. 4:19 MJ 25 DDN |
| INFORMATION, CELL SITE | ) | |
| INFORMATION, AND OTHER | ) | **FILED UNDER SEAL** |
| SIGNALING INFORMATION | ) | |
| ASSOCIATED WITH THE CELLULAR | ) | |
| TELEPHONE HAVING THE NUMBERS | ) | |
| (314) 359-0409. | ) | |

## APPLICATION

COMES NOW the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Angie E. Danis, Assistant United States Attorney for said District, and hereby makes application to this Court for a warrant and order, pursuant to Title 18, United States Code, Sections 2703(c)(1)(A) and 3123, authorizing agents/officers of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) (hereinafter referred to as "investigative agency(ies)"), and other authorized federal/state/local law enforcement agencies, to obtain records and location information, including precision location information, cell site location information, and other signaling information, associated with the following cellular telephone, which is further identified as follows:

**TELEPHONE NO.:** (314) 359-0409

**ESN/IMSI NO.:** unknown

**SUBSCRIBER:** unknown

**ADDRESS:** unknown

(hereinafter the **"subject cellular telephone"**).

## I.  **Introduction & Relief Requested**

1.     The undersigned applicant for the Government is an Assistant United States Attorney in the Office of the United States Attorney for the Eastern District of Missouri, and an "attorney for the Government," as defined in Fed. R. Crim. P. 1(b)(1)(B).   Therefore, pursuant to Title 18, United States Code, Sections 2703(c) and 3122(a)(1), the undersigned may apply for an Order authorizing the disclosure of the telecommunication records and information requested herein.

2.     The **subject cellular telephone** is serviced by T-Mobile (hereinafter referred to as "the Service Provider").   The records and information requested herein are directed at location-related information and subscriber information associated with the **subject cellular telephone**, and may include information related to when the **subject cellular telephone** is located in a protected space, such as a residence.   This application does not seek to compel or acquire the disclosure of the content of any communications.

3.     The **subject cellular telephone** is currently being used in connection with violations of Title 18, United States Code, Sections 2119 and 2 (hereinafter referred to as "the subject offenses"), by Deandre Chaney, and others known and unknown.

4.     The Government makes this application upon a showing of probable cause. Attached to this application and incorporated by reference as if fully set out herein is the affidavit of Special Agent Vincent Liberto, Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), which alleges facts in order to show that there is probable cause to believe that evidence of the commission of the above-described subject offenses can be obtained by locating and monitoring the location of the **subject cellular telephone**, without geographic limitation within the United

2

States, including by obtaining precision location information (e.g., GPS information), cell site information, signaling information, and records concerning the **subject cellular telephone** for a period of forty-five (45) days measured from the date the Warrant is issued -- *i.e.*, from January 16, 2019, to March 1, 2019, 11:59 p.m. (CT).

5.    The present application requests relief in three forms.    First, the application requests relief in the form of precision location information, including GPS information, associated with the **subject cellular telephone**.    Second, the application requests subscriber records and cell site information, which does not include precision location information, associated with the **subject cellular telephone**. Third, the application requests authorization for the installation and use of pen register and trap-and-trace devices.

## II.    Precision Location Information Request

1.    The Government requests a warrant directing the Service Provider, any telecommunication service providers reflected in Attachment 1, to include providers of any type of wire and/or electronic communications (herein incorporated by reference), and any other applicable service providers, to provide precision location information, including Global Position System (GPS) information, but not the contents of any communications, associated with the **subject cellular telephone**, for a period of forty-five (45) days from the date of any warrant issued hereon -- *i.e.*, from January 16, 2019, to March 1, 2019, 11:59 p.m. (CT).

2.    The Service Provider is a service provider within the meaning of Title 18, United States Code, Section 2510(15), and as such, is subject to Title 18, United States Code, Section 2703(c)(1)(A) which states:

> (c)    Records concerning electronic communication service or remote computing service.--(1) A governmental entity may require

> a provider of electronic communication service or remote computing service to disclose a record of other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when the governmental entity--
>
> (A)     obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure...by a court of competent jurisdiction....

3.     The Court has jurisdiction to issue a warrant for the disclosure of precision location information, as requested herein, because it is "a court of competent jurisdiction," as defined in Title 18, United States Code, Sections 2711(3), and 2703(a), (b), and (c).     Specifically, the Court has jurisdiction over the offense being investigated.

4.     Title 18, United States Code, Section 2703(g) provides that an officer is not required to be present for the service or execution of a warrant issued under Section 2703.     In particular, Section 2703(g) states:

> Notwithstanding section 3105 of this title, the presence of an officer shall not be required for service or execution of a search warrant issued in accordance with this chapter requiring disclosure by a provider of electronic communications service or remote computing service of the contents of communications or records or other information pertaining to a subscriber or customer of such service.

5.     Title 18, United States Code, Section 2703(c)(3) permits the government to obtain the requested information and records without providing notice to any subscriber or customer.     In particular, Section 2703(c)(3) states: "A governmental entity receiving records or information under this subsection is not required to provide notice to a subscriber or customer."

### III.     Cell Site Location Information Request

1.     The Government requests a warrant directing the Service Provider, any telecommunication service providers reflected in Attachment 1, to include providers of any type

4

of wire and/or electronic communications, and any other applicable service providers, to provide certain telecommunication records and information, including cell site location information, but not the contents of any communication, for the time period of thirty (30) days prior to the warrant and for forty-five (45) days from the date of the requested warrant -- *i.e.*, from January 16, 2019 to March 1, 2019, 11:59 p.m. (CT). In particular, the Government requests the following telecommunication records and information:

(1) subscriber information and all telephone numbers, ESN, MIN, IMEI, MSID or IMSI numbers, including any and all customer service records, credit and billing records, can-be-reached numbers (CBR), enhanced custom calling features, and primary long-distance carrier;

(2) subscriber information available for any originating telephone number;

(3) Automated Messaging Accounting (AMA) records (a carrier billing mechanism data base search which provides records of originating and terminating caller information for calls at the **subject cellular telephone**) for the above-specified time period;

(4) cellular telephone records and information pertaining to the following, for the above-specified time period:

(a) call detail information (provided in an electronic format specified by the agents/officers of the investigative agency(ies), and other authorized federal/state/local law enforcement agencies);

(b) cell site activation information, including information identifying the antenna tower receiving transmissions from the **subject cellular telephone**

5

number, and any information on what portion of that tower is receiving a transmission from the **subject cellular telephone** number, at the beginning and end of a particular telephone call made to or received by the **subject cellular telephone** number;

    (c)  numbers dialed;

    (d)  call duration;

    (e)  incoming numbers if identified;

    (f)  signaling information pertaining to that number;

    (g)  a listing of all control channels and their corresponding cell sites;

    (h)  an engineering map showing all cell site tower locations, sectors and orientations; and

    (i)  subscriber information, including the names, addresses, credit and billing information, published and non-published for the telephone numbers being dialed from the **subject cellular telephone**.

    (j)  historical location estimates, such as Network Event Location System (NELOS), round-trip time (RTT), GPS, per-call measurement data (PCMD); and Truecall Data; and

    (k)  Internet Protocol (IP addresses) utilized by and signaled to and from the **subject cellular telephone**.

  2.  The Service Provider is a service provider within the meaning of Title 18, United States Code, Section 2510(15), and as such, is subject to Title 18, United States Code, Section 2703(c)(1)(A) which states:

(c)     Records concerning electronic communication service or remote computing service.--(1) A governmental entity may require a provider of electronic communication service or remote computing service to disclose a record of other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when the governmental entity--

(A)     obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure...by a court of competent jurisdiction....

3.     The Court has jurisdiction to issue a warrant for the disclosure of requested telecommunications records, including cell site records because it is "a court of competent jurisdiction," as defined in Title 18, United States Code, Sections 2711(3), and 2703(a), (b), and (c). Specifically, the Court has jurisdiction over the offense being investigated.

4.     Title 18, United States Code, Section 2703(g) provides that an officer is not required to be present for the service or execution of a warrant issued under Section 2703.    In particular, Section 2703(g) states:

Notwithstanding section 3105 of this title, the presence of an officer shall not be required for service or execution of a search warrant issued in accordance with this chapter requiring disclosure by a provider of electronic communications service or remote computing service of the contents of communications or records or other information pertaining to a subscriber or customer of such service.

5.     Title 18, United States Code, Section 2703(c)(3) permits the government to obtain the requested information and records without providing notice to any subscriber or customer.    In particular, Section 2703(c)(3) states: "A governmental entity receiving records or information under this subsection is not required to provide notice to a subscriber or customer."

7

## IV.     Pen Register, Trap-and-Trace Request

1.     The Government's application seeks an Order, pursuant to Title 18, United States Code, Section 3122, authorizing the installation and use of pen register and trap-and-trace devices, including enhanced caller identification, as defined in Title 18, United States Code, Section 3127, without geographic limitation within the United States, and including an Order authorizing the installation and use of a pen register to record or decode dialing, routing, addressing, or signaling information transmitted by the **subject cellular telephone** number further identified herein, and a trap-and-trace device, including enhanced caller identification, which captures the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing and signaling information reasonably likely to identify the source of a wire or electronic communication to and from the **subject cellular telephone** number, direct connect, Voice-over-LTE (VoLTE), non-content data transmissions, or digital dispatch dialings (if applicable), the dates and times of such dialings, and the length of time of the connections, for the time period from January 16, 2019, to March 1, 2019, 11:59 p.m. (CT).

2.     In making this application, the Government does not seek the contents of any communication, such that other legal process would be required.

3.     As previously outlined, the Government certifies that the information likely to be obtained through the aforesaid pen register and trap-and-trace devices, including enhanced caller identification, is relevant to an ongoing criminal investigation.

4.     The Government further requests that the Order direct the telecommunications service providers reflected in Attachment 1, to include providers of any type of wire and/or electronic communications, here incorporated by reference, and any other applicable service

8

providers, to initiate caller identification on the subject cellular telephone number listed above, without the knowledge of or notification to the subscriber, for the purpose of registering incoming telephone numbers.

5.      The Government further requests that the Order direct the furnishing of information, facilities, and technical assistance, as necessary, to unobtrusively accomplish the installation and use of the pen register and trap-and-trace devices, including enhanced caller identification, by the telecommunications service providers reflected in Attachment 1, to include providers of any type of wire and/or electronic communications and any other applicable service providers, and with a minimum of disruption of normal telephone service.

6.      The Government further requests that the Order direct that the results of the pen register and trap-and-trace devices, including enhanced caller identification, be provided to the agents/officers of the investigative agency(ies) at reasonable intervals for the duration of the Order.

## V.      **Changed Numbers, Compensation and Sealing**

1.      The Government requests that should the subject cellular telephone and/or ESN, MIN, IMEI, MSID or IMSI number listed above be changed by the subscriber during the effective period of any Order granted as a result of this application, that the Court order the request for pen register and trap-and-trace devices remain in effect for any new telephone to which the subject cellular telephone listed above is changed, throughout the effective period of such Order.

2.      The Government further requests that the Order direct that the lead investigative agency provide the telecommunications service providers reflected in Attachment 1, to include providers of any type of wire and/or electronic communications, and any other applicable service

9

providers, just compensation for reasonable expenses incurred in providing such information, facilities and technical assistance.

## VI.    Sealing, Notification and Miscellaneous Considerations

1.    Pursuant to Title 18, United States Code, Section 2703, the Government requests that the Court direct that the telecommunications service providers reflected in Attachment 1, to include providers of any type of wire and/or electronic communications, and any other applicable service providers, shall provide the agents/officers of the investigative agency(ies), and other authorized federal/state/local law enforcement agencies, with the following:

(1) subscriber information;

(2) length of service (including start date);

(3) the types of service utilized;

(4) instrument number or other subscriber number or identity, including any temporarily assigned network address;

(5) all available names, addresses, and identifying information, and other subscriber and service feature information;

(6)  toll records including incoming and outgoing telephone numbers;

(7) credit information, billing information, and air-time summaries for available service periods, for the IP (internet protocol) addresses being utilized by and signaled to and from the aforementioned subject cellular telephone,

for the telephone numbers being dialed to and from the aforementioned **subject cellular telephone** at reasonable intervals for the past thirty (30) days from the date of this Warrant and at reasonable

10

intervals for up to forty-five (45) days from the date of this Warrant -- *i.e.*, from January 16, 2019, to March 1, 2019, 11:59 p.m. (CT).

2.      Pursuant to Title 18, United States Code, Section 2703(c)(3), the Government entity or agency receiving these records or information as a result of this application and accompanying warrant and order will not provide notice to the subscriber or customer of the **subject cellular telephone**.

3.      This Court has authority under Title 18, U.S.C., Section 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

4.      In this case, such an order is appropriate because the Government seeks the warrant in part under the authority granted to this court pursuant to Title 18, U.S.C., Section 2703. The requested warrant is related to an ongoing criminal investigation that is not public and this portion of the investigation is not known to the subjects of the investigation. Premature notification may alert the subject(s) to the existence of the investigation. If the subjects were notified about the existence of the requested warrant, the subjects could destroy evidence. Accordingly, there is reason to believe that notification of the existence of the warrant will seriously jeopardize the investigation, including giving the subjects an opportunity to: flee, destroy and/or tamper with evidence; change patterns of behavior; or notify confederates. *See* Title 18, U.S.C., Section 2705(b)(2), (3), and (5). Based on the nature and circumstances of the investigation, there is also reason to believe that notification of the existence of the warrant will result in endangering the life

or physical safety of an individual, or the intimidation of potential witnesses. *See* Title 18, U.S.C., Section 2705(b)(1) and (4).

5.     Based on the foregoing, pursuant to Title 18, United States Code, Sections 3123(d)(1) and (2) and 2705(b), the Government requests that the Court direct the Service Provider and the telecommunications service providers reflected in Attachment 1, to include providers of any type of wire and/or electronic communications, and any other applicable service providers, not to disclose the existence of this application and/or any warrant or order issued upon this application, or the existence of the investigation, for a period of one year from the date of this Order, to a subscriber or lessee or to any other person, except that the provider may disclose the warrant and any Order to an attorney for the provider for the purpose of receiving legal advice.

6.     The information requested herein does not require a physical intrusion or physical trespass into any protected space.  Accordingly, it is respectively requested that the warrant authorize the investigative agency(ies), and other authorized federal/state/local law enforcement agencies, to obtain the location information described herein at any time, day or night.

7.     The Government further requests that the Order direct that the investigative agency(ies) provide the telecommunication providers reflected in Attachment 1, to include providers of any type of wire and/or electronic communications, and any other applicable service providers, just compensation for reasonable expenses incurred in providing such information, facilities and technical assistance.

8.     In light of the ongoing nature of the investigation as reflected in the attached affidavit, and because disclosure at this time would seriously jeopardize the investigation,

including by giving the subject(s) an opportunity to destroy and/or tamper with evidence and flee, applicant requests that the application, affidavit and warrant be sealed.

WHEREFORE, on the basis of the allegations contained in this application, and on the basis of the affidavit of Special Agent Vincent Liberto, Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), which is attached hereto and made a part hereof, applicant requests this Court to issue a Warrant authorizing agents/officers of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) (the investigative agency(ies)), and other authorized federal/state/local law enforcement agencies, to obtain location information, including precision location information, cell site location information, and other signaling information associated with the **subject cellular telephone**.

I declare under penalty of perjury that the foregoing is true and correct to the best of my current knowledge, information, and belief.

Dated this ____16th____ day of January, 2019.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

ANGIE E. DANIS, #64805MO
Assistant United States Attorney

13

## LIST OF TELECOMMUNICATION SERVICE PROVIDERS

T-MOBILE

and

| | | | |
|---|---|---|---|
| 01 Communications | Egyptian Telephone | Mid-Atlantic | Socket Telecom |
| Access Line Communication | Electric Lightwave, Inc. | Midvale Telephone Exchange | Spectrum |
| ACN, Inc. | Empire Paging | Mobile Communications | Sprint |
| ACS | Ernest Communications | Mound Bayou Telephone Co. | SRT Wireless |
| Aero Communications, Inc. (IL) | EZ Talk Communications | Mpower Communications | Star Telephone Company |
| Afford A Phone | FDN Communications | Navigator | Start Wireless |
| Airvoice Wireless | Fibernit Comm | Telecommunications | Sugar Land Telephone |
| Alaska Communications | Florida Cell Service | NE Nebraska Telephone | Sure West Telephone Company |
| Alhambra-Grantfx Telephone | Florida Digital Network | Netlink Comm | Talk America |
| Altice USA | Focal Communications | Network Services | Tele Touch Comm |
| AmeriTel | Frontier Communications | Neustar | Telecorp Comm |
| AOL Corp. | FuzeBox, Inc. | Neutral Tandem | Telepak |
| Arch Communication | Gabriel Comm | Nex-Tech Wireless | Telispire PCS |
| AT&T | Galaxy Paging | Nexus Communications | Telnet Worldwide |
| AT&T Mobility | Global Communications | NII Comm | Tex-Link Comm |
| Bell Aliant | Global Eyes Communications | North Central Telephone | Time Warner Cable |
| Big River Telephone | Global Naps | North State Comm | T-Mobile |
| Birch Telecom | Grafton Telephone Company | Northcoast Communications | Total Call International |
| Blackberry Corporation | Grand River | Novacom | Tracfone Wireless |
| Brivia Communications | Grande Comm | Ntera | Trinity International |
| Broadview Networks | Great Plains Telephone | NTS Communications | U-Mobile |
| Broadvox Ltd. | Harrisonville Telephone Co. | Oklahoma City SMSA | United Telephone of MO |
| Budget Prepay | Heartland Communications | ONE Communications | United Wireless |
| Bulls Eye Telecom | Hickory Telephone | ONSTAR | US Cellular |
| Call Wave | Huxley Communications | Optel Texas Telecom | US Communications |
| Cbeyond Inc. | iBasis | Orion Electronics | US LEC |
| CCPR Services | IDT Corporation | PacBell | US Link |
| Cellco Partnership, | Illinois Valley Cellular | PacWest Telecom | US West Communications |
| d/b/a Verizon Wireless | Insight Phone | PAETEC Communications | USA Mobility |
| Cellular One | Integra | Page Plus Communications | VarTec Telecommunications |
| Cellular South | Iowa Wireless | Page Mart, Inc. | Verisign |
| Centennial Communications | IQ Telecom | Page Net Paging | Verizon Telephone Company |
| CenturyLink | J2 Global Communications | Panhandle Telephone | Verizon Wireless |
| Charter Communications | Leap Wireless International | Peerless Network | Viaero Wireless |
| Chickasaw Telephone | Level 3 Communications | Pineland Telephone | Virgin Mobile |
| Choctaw Telephone Company | Locus Communications | PhoneTech | Vonage Holdings |
| Cimco Comm | Logix Communications | PhoneTel | Wabash Telephone |
| Cincinnati Bell | Longlines Wireless | Preferred Telephone | Wave2Wave Communications |
| Cinergy Communications | Los Angeles Cellular | Priority Communications | Weblink Wireless |
| Clear World Communication | Lunar Wireless | Puretalk | Western Wireless |
| Com-Cast Cable Comm. | Madison River | RCN Telecom | Westlink Communications |
| Commercial Communications | Communications | RNK Telecom | WhatsApp |
| Consolidated Communications | Madison/Macoupin Telephone | QWEST Communications | Windstream Communications |
| Cox Communications | Company | Sage Telecom | Wirefly |
| Cricket Wireless | Mankato Citizens Telephone | Seren Innovations | XFinity |
| Custer Telephone Cooperative | Map Mobile Comm | Shentel | XO Communications |
| DBS Communications | Marathon Comm | Sigecom LLC | Xspedius |
| Delta Communications | Mark Twain Rural | Sky Tel Paging | Yakdin Valley Telephone |
| Detroit Cellular | Max-Tel Communications | Smart Beep Paging | YMAX Communications |
| Dobson Cellular | Metro PCS | Smart City Telecom | Ztel Communications |
| | Metro Teleconnect | | |

## ATTACHMENT 1, TO INCLUDE PROVIDERS OF ANY TYPE OF WIRE AND/OR ELECTRONIC COMMUNICATIONS

Last Update: 06/21/2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN THE MATTER OF AN APPLICATION )
OF THE UNITED STATES OF AMERICA )
FOR  A  WARRANT  TO  OBTAIN )
RECORDS, LOCATION INFORMATION, )
INCLUDING  PRECISION  LOCATION )
INFORMATION,        CELL       SITE )
INFORMATION,      AND      OTHER )
SIGNALING          INFORMATION )
ASSOCIATED  WITH  THE  CELLULAR )
TELEPHONE HAVING THE NUMBERS )
(314) 359-0409.                                          )

No. 4:19 MJ 25 DDN

**FILED UNDER SEAL**

## **AFFIDAVIT**

Vincent Liberto, being duly sworn, deposes and says that he is a Special Agent with the

Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), duly appointed according to law

and acting as such.

### **Introduction**

I have been employed as a Special Agent with the United States Department of Justice,

Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) since August 2016, currently

assigned Kansas City Field Division, St. Louis Group I Field Office.    Prior to employment with

ATF, your Affiant was a Detective with Baton Rouge Police Department (BRPD) in Baton Rouge,

Louisiana.    Your Affiant was employed with BRPD from 2008 – 2016.    Your Affiant currently

conducts criminal investigations into cases of illegal possession/ transfer of firearms, firearms

trafficking, violent crimes involving firearms and narcotics trafficking and narcotics possession.

The facts alleged in this affidavit come from my own investigation, my training and experience,

and information obtained from other investigators and witnesses.

The facts alleged in this affidavit come from my own investigation, my training and experience, and information obtained from other investigators and witnesses.    As this affidavit is submitted for the limited purpose of establishing probable cause to locate and monitor the location of a cellular telephone as part of a criminal investigation, it does not set forth all of the my knowledge regarding this matter.

Upon information and belief, and as explained in greater detail below, the cellular telephone bearing number **(314) 359-0409** (hereinafter the "**subject cellular telephone**"), which is being serviced by T-Mobile (hereinafter referred to as "the Service Provider"), has been used, and is presently being used, in connection with the commission of offenses involving ongoing violations of Title 18, United States Code, Section 2119 (hereinafter referred to as "the subject offenses"), by Deandre Chaney, and others known and unknown.

The present affidavit is being submitted in connection with an application of the Government for a warrant and order authorizing agents/officers of the investigative agency(ies), and other authorized federal/state/local law enforcement agencies, to obtain location information, including precision location information, cell site location information, and other signaling information, including pen register information, in an effort to locate and monitor the location of the **subject cellular telephone**.

Your affiant further states that there is probable cause to believe that the location information associated with the **subject cellular telephone** will lead to evidence of the aforementioned subject offenses as well as to the identification of individuals who are engaged in the commission of those criminal offense and related crimes.

**Investigation and Probable Cause**

On or about January 5, 2019, Naomi Miller (hereinafter "victim") was found shot to death in her driveway in the 2500 block of Arden Avenue in North St. Louis County, within the Eastern District of Missouri. Investigators believe that the victim was killed in connection with the theft of her vehicle, a red 2014 Ford Escape (hereinafter "victim vehicle").

The victim's vehicle was recovered on or about January 9, 2019. After processing that vehicle for forensic evidence, investigators were able to locate a fingerprint in the vehicle which law enforcement databases were able to determine belonged to Rasheme Bridges.

On or about January 14, 2019, TFO Bell and I met with Bridges, who further stated that he acquired the victim vehicle from Deandre Chaney, a/k/a "Meazy," who contacted Bridges on or about January 7, 2019 using the **subject cellular telephone**, to arrange for the vehicle trade with Bridges.

Furthermore, Bridges granted consent for the examination of his cellular phone, which confirmed that "Meazy" was using the **subject cellular telephone** to contact Bridges.

The investigation has clearly demonstrated that the **subject cellular telephone** is being used in connection with the commission of offenses involving ongoing violations of Title 18, United States Code, Sections 2119 and 2 (the subject offenses). It is critical that the investigative team be able to locate and monitor the movements of the **subject cellular telephone** thereby assisting in the identification of the co-conspirators and the seizure of pertinent evidence. Your affiant believes that the requested authorization would be a valuable asset in achieving the overall goals of the investigation.

**Investigative Considerations and Techniques**

Based on my knowledge, training, and experience, as well as information provided by investigators with specialized experience relating to cellular telephone technology, I am aware of the following facts and considerations:

A.     Wireless phone providers typically generate and retain certain transactional information about the use of each telephone call, voicemail, and text message on their system. Such information can include log files and messaging logs showing all activity on a particular account, such as local and long distance telephone connection records, records of session times and durations, lists of all incoming and outgoing telephone numbers or other addressing information associated with particular telephone calls, voicemail messages, and text or multimedia messages.

B.     Wireless phone providers also typically generate and retain information about the location in which a particular communication was transmitted or received. For example, when a cellular device is used to make or receive a call, text message or other communication, the wireless phone provider will typically generate and maintain a record of which cell tower(s) was/were used

4

to process that contact. Wireless providers maintain information, including the corresponding cell towers (i.e., tower covering specific geographic areas), sectors (i.e., faces of the towers), and other signaling data as part of their regularly conducted business activities. Typically, wireless providers maintain records of the cell tower information associated with the beginning and end of a call.

C. Because cellular devices generally attempt to communicate with the closest cell tower available, cell site location information from a wireless phone provider allows investigators to identify an approximate geographic location from which a communication with a particular cellular device originated or was received.

D. Wireless providers may also retain text messaging logs that include specific information about text and multimedia messages sent or received from the account, such as the dates and times of the messages. A provider may also retain information about which cellular handset or device was associated with the account when the messages were sent or received. The provider could have this information because each cellular device has one or more unique identifiers embedded inside it. Depending upon the cellular network and the device, the embedded unique identifiers for a cellular device could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Station Equipment Identity ("IMEI"). When a cellular device connects to a cellular antenna or tower, it reveals its embedded unique identifiers to the cellular antenna or tower in order to obtain service, and the cellular antenna or tower records those identifiers.

5

E.     Wireless providers also maintain business records and subscriber information for particular accounts.  This information could include the subscriber's full name and address, the address to which any equipment was shipped, the date on which the account was opened, the length of service, the types of service utilized, the ESN or other unique identifier for the cellular device associated with the account, the subscriber's Social Security Number and date of birth, all telephone numbers and other identifiers associated with the account, and a description of the services available to the account subscriber.   In addition, wireless providers typically generate and retain billing records for each account, which may show all billable calls (including outgoing digits dialed).   The providers may also have payment information for the account, including the dates and times of payments and the means and source of payment (including any credit card or bank account number).

F.     Providers of cellular telephone service also typically have technical capabilities that allow them to collect and generate more precise location information than that provided by cell site location records.   This information is sometimes referred to as E-911 phase II data, GPS data or latitude-longitude data.   In the Eastern District of Missouri, such information is often referred to as "precision location information" or "PLI" data.   E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by attempting to triangulate the device's signal using data from several of the provider's cell towers.   Depending on the capabilities of the particular phone and provider, E-911 data can sometimes provide precise information related to the location of a cellular device.

In order to locate the **subject cellular telephone** and monitor the movements of the phone, the investigative agency(ies), and other authorized federal/state/local law enforcement agencies,

may need to employ one or more techniques described in this affidavit and in the application of the government. The investigative agency(ies), and other authorized federal/state/local law enforcement agencies, may seek a warrant to compel the Service Provider, any telecommunication service providers reflected in Attachment 1, to include providers of any type of wire and/or electronic communications (herein incorporated by reference), and any other applicable service providers, to provide precision location information, including Global Position System information (if available), transactional records, including cell site location information, and pen register and trap-and-trace data.

None of the investigative techniques that may be employed as a result of the present application and affidavit require a physical intrusion into a private space or a physical trespass. Electronic surveillance techniques such as pen register and cell site location monitoring typically have not been limited to daytime use only. Furthermore, the criminal conduct being investigated is not limited to the daytime. Therefore, the fact that the present application requests a warrant based on probable cause should not limit the use of the requested investigative techniques to daytime use only. Accordingly, the investigative agency(ies), and other authorized federal/state/local law enforcement agencies, request the ability to employ these investigative techniques at any time, day or night.

The monitoring of the location of the **subject cellular telephone** by one of the methods described herein will begin within ten (10) days of the date of issuance of the requested Warrant and Order.

**Conclusion**

Based on the above information, there is probable cause to conclude that locating and monitoring the movements of the **subject cellular telephone** will lead to the relevant evidence concerning violations of Title 18, United States Code, Sections 2119 and 2.

_____
DATE

_____
VINCENT N. LIBERTO
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and
Explosives

Sworn to and subscribed before me this _____ day of January, 2019.

DAVID D. NOCE
UNITED STATES MAGISTRATE JUDGE
Eastern District of Missouri

8

## LIST OF TELECOMMUNICATION SERVICE PROVIDERS

_____T-MOBILE_____
and

| | | | |
|---|---|---|---|
| 01 Communications | Egyptian Telephone | Mid-Atlantic | Socket Telecom |
| Access Line Communication | Electric Lightwave, Inc. | Midvale Telephone Exchange | Spectrum |
| ACN, Inc. | Empire Paging | Mobile Communications | Sprint |
| ACS | Ernest Communications | Mound Bayou Telephone Co. | SRT Wireless |
| Aero Communications, Inc. (IL) | EZ Talk Communications | Mpower Communications | Star Telephone Company |
| Afford A Phone | FDN Communications | Navigator | Start Wireless |
| Airvoice Wireless | Fibernit Comm | Telecommunications | Sugar Land Telephone |
| Alaska Communications | Florida Cell Service | NE Nebraska Telephone | Sure West Telephone Company |
| Alhambra-Grantfx Telephone | Florida Digital Network | Netlink Comm | Talk America |
| Altice USA | Focal Communications | Network Services | Tele Touch Comm |
| AmeriTel | Frontier Communications | Neustar | Telecorp Comm |
| AOL Corp. | FuzeBox, Inc. | Neutral Tandem | Telepak |
| Arch Communication | Gabriel Comm | Nex-Tech Wireless | Telispire PCS |
| AT&T | Galaxy Paging | Nexus Communications | Telnet Worldwide |
| AT&T Mobility | Global Communications | NII Comm | Tex-Link Comm |
| Bell Aliant | Global Eyes Communications | North Central Telephone | Time Warner Cable |
| Big River Telephone | Global Naps | North State Comm | T-Mobile |
| Birch Telecom | Grafton Telephone Company | Northcoast Communications | Total Call International |
| Blackberry Corporation | Grand River | Novacom | Tracfone Wireless |
| Brivia Communications | Grande Comm | Ntera | Trinity International |
| Broadview Networks | Great Plains Telephone | NTS Communications | U-Mobile |
| Broadvox Ltd. | Harrisonville Telephone Co. | Oklahoma City SMSA | United Telephone of MO |
| Budget Prepay | Heartland Communications | ONE Communications | United Wireless |
| Bulls Eye Telecom | Hickory Telephone | ONSTAR | US Cellular |
| Call Wave | Huxley Communications | Optel Texas Telecom | US Communications |
| Cbeyond Inc. | iBasis | Orion Electronics | US LEC |
| CCPR Services | IDT Corporation | PacBell | US Link |
| Cellco Partnership, | Illinois Valley Cellular | PacWest Telecom | US West Communications |
| d/b/a Verizon Wireless | Insight Phone | PAETEC Communications | USA Mobility |
| Cellular One | Integra | Page Plus Communications | VarTec Telecommunications |
| Cellular South | Iowa Wireless | Page Mart, Inc. | Verisign |
| Centennial Communications | IQ Telecom | Page Net Paging | Verizon Telephone Company |
| CenturyLink | J2 Global Communications | Panhandle Telephone | Verizon Wireless |
| Charter Communications | Leap Wireless International | Peerless Network | Viaero Wireless |
| Chickasaw Telephone | Level 3 Communications | Pineland Telephone | Virgin Mobile |
| Choctaw Telephone Company | Locus Communications | PhoneTech | Vonage Holdings |
| Cimco Comm | Logix Communications | PhoneTel | Wabash Telephone |
| Cincinnati Bell | Longlines Wireless | Preferred Telephone | Wave2Wave Communications |
| Cinergy Communications | Los Angeles Cellular | Priority Communications | Weblink Wireless |
| Clear World Communication | Lunar Wireless | Puretalk | Western Wireless |
| Com-Cast Cable Comm. | Madison River | RCN Telecom | Westlink Communications |
| Commercial Communications | Communications | RNK Telecom | WhatsApp |
| Consolidated Communications | Madison/Macoupin Telephone | QWEST Communications | Windstream Communications |
| Cox Communications | Company | Sage Telecom | Wirefly |
| Cricket Wireless | Mankato Citizens Telephone | Seren Innovations | XFinity |
| Custer Telephone Cooperative | Map Mobile Comm | Shentel | XO Communications |
| DBS Communications | Marathon Comm | Sigecom LLC | Xspedius |
| Delta Communications | Mark Twain Rural | Sky Tel Paging | Yakdin Valley Telephone |
| Detroit Cellular | Max-Tel Communications | Smart Beep Paging | YMAX Communications |
| Dobson Cellular | Metro PCS | Smart City Telecom | Ztel Communications |
| | Metro Teleconnect | | |

**ATTACHMENT 1, TO INCLUDE PROVIDERS OF ANY TYPE OF WIRE AND/OR ELECTRONIC COMMUNICATIONS**     Last Update: 06/21/2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN THE MATTER OF AN APPLICATION )
OF THE UNITED STATES OF AMERICA )
FOR A WARRANT TO OBTAIN )
RECORDS, LOCATION INFORMATION, )
INCLUDING PRECISION LOCATION )    No. 4:19 MJ 25 DDN
INFORMATION, CELL SITE )
INFORMATION, AND OTHER )    **FILED UNDER SEAL**
SIGNALING INFORMATION )
ASSOCIATED WITH THE CELLULAR )
TELEPHONE HAVING THE NUMBERS )
(314) 359-0409. )

## WARRANT AND ORDER

TO:    Special Agent Vincent Liberto, Bureau of Alcohol, Tobacco, Firearms, and Explosives
(ATF), and any other authorized agents/officers of Bureau of Alcohol, Tobacco, Firearms,
and Explosives (ATF), and other authorized federal/state/local law enforcement agencies:

Application and Affidavit having been made before me by Angie E. Danis, Assistant

United States Attorney for the Eastern District of Missouri, and Bureau of Alcohol, Tobacco,

Firearms, and Explosives (ATF) and full consideration having been given to the matter set forth

therein, the Court finds:

(a)     There is probable cause to believe that the cellular telephone bearing

number **(314) 359-0409** (hereinafter the **"subject cellular telephone"**), which is serviced by T-

Mobile (hereinafter referred to as "the Service Provider"), and which is being used by Deandre

Chaney, has been and will be used to further the activity of carjacking, or to facilitate any or all of

said offenses; in violation of Title 18, United States Code, Section 2119.

(b)     There is probable cause to believe that evidence of the commission of the

above-described offenses will be obtained by locating and monitoring the movements of the

**subject cellular telephone**, including by monitoring the signaling information, cell site information, and precision location information, including Global Positioning System (GPS) information, of the **subject cellular telephone** for a period of forty-five (45) days from the date of this Warrant -- *i.e.*, from January 16, 2019, to March 1, 2019, 11:59 p.m. (CT).

        (c)      This Court has jurisdiction over the offense(s) under investigation.

        (d)      The present requests for location information relating to the **subject cellular telephone** do not require a physical intrusion or physical trespass into any protected space.

        (e)      The present requests for location information do not include the contents of any communications.

        (f)      There is reason to believe that notification of the existence of the warrant will seriously jeopardize the investigation, including by giving the subject(s) an opportunity to destroy and/or tamper with evidence.

### Warrant and Order – Precision Location Information

IT IS HEREBY ORDERED, pursuant to Title 18, United States Code, Section 2703(c)(1)(A), that the Service Provider, and any telecommunication service providers reflected in Attachment 1, to include providers of any type of wire and/or electronic communications (herein incorporated by reference), and any other applicable service providers, provide to agents/officers of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) (hereinafter referred to as "investigative agency(ies)"), together with other authorized federal/state/local law enforcement agencies acting under the supervision of federal agents and their authorized representatives, with the precision location information, including Global Positioning System (GPS) information, of the **subject cellular telephone** for a period of forty-five

2

(45) days from the date of this Warrant -- *i.e.*, from January 16, 2019, to March 1, 2019, 11:59 p.m. (CT).

### Warrant and Order – Telecommunications Records and Information

IT IS FURTHER ORDERED, pursuant to Title 18, United States Code, Sections 2703(c)(1)(B), (c)(2), and (d), that the Service Provider, any telecommunication service providers reflected in Attachment 1, to include providers of any type of wire and/or electronic communications, and any other applicable service providers, to include providers of any type of wire and/or electronic communications, will, forthwith, furnish the agents/officers of the investigative agency(ies), and other authorized federal/state/local law enforcement agencies, the following telecommunication records and information, but not the contents of any communication, for the time period for the past thirty (30) days and from the date of this Warrant and Order, and for forty-five (45) days from the date of this Warrant and Order -- *i.e.,* from January 16, 2019, to March 1, 2019, 11:59 p.m. (CT) -- pertaining to the **subject cellular telephone** identified herein:

(1)     subscriber information and all telephone numbers, ESN, MIN, IMEI, MSID or IMSI numbers, including any and all customer service records, credit and billing records, can-be-reached numbers (CBR), enhanced custom calling features, and primary long-distance carrier;

(2)     subscriber information available for any originating telephone number;

(3)     Automated Messaging Accounting (AMA) records (a carrier billing mechanism data base search which provides records of originating and terminating caller information for calls at the **subject cellular telephone**) for the above-specified time period;

(4)     cellular telephone records and information pertaining to the following, for the above-specified time period:

3

(a)     call detail information (provided in an electronic format specified by the agents/officers of the investigative agency(ies), and other authorized federal/state/local law enforcement agencies);

(b)     cell site activation information, including information identifying the antenna tower receiving transmissions from the **subject cellular telephone** number, and any information on what portion of that tower is receiving a transmission from the **subject cellular telephone** number, at the beginning and end of a particular telephone call made to or received by the **subject cellular telephone** number;

(c)     numbers dialed;

(d)     call duration;

(e)     incoming numbers if identified;

(f)     signaling information pertaining to that number;

(g)     a listing of all control channels and their corresponding cell sites;

(h)     an engineering map showing all cell site tower locations, sectors and orientations;

(i)     subscriber information, including the names, addresses, credit and billing information, published and non-published for the telephone numbers being dialed to and from the **subject cellular telephone**;

(j)     historical location estimates, such as Network Event Location System (NELOS), round-trip time (RTT), GPS, and per-call measurement data (PCMD); Truecall Data; and

4

(k)     Internet Protocol (IP addresses) utilized by and signaled to and from

the **subject cellular telephone**.

**Warrant and Order – Pen Register, Trap-and-Trace**

IT APPEARING that, pursuant to Title 18, United States Code, Section 3123(a)(1), that

the Government has certified that the information likely to be obtained through the aforesaid Order

is relevant to an ongoing criminal investigation;

IT IS FURTHER ORDERED, pursuant to Title 18, United States Code, Section 3123, that

pen register and trap-and-trace devices, including enhanced caller identification, may be installed

and used to record or decode dialing, routing, addressing, electronic, or signaling information

transmitted by the **subject cellular telephone** number identified herein, and to capture the

incoming electronic or other impulses which identify the originating number or other dialing,

routing, addressing and signaling information reasonably likely to identify the source of a wire or

electronic communication to and from the **subject cellular telephone** number, including:   direct

connect, Voice-over-LTE (VoLTE), non-content data transmissions, or digital dispatch dialings

(if applicable), the dates and times of such dialings, and the length of time of the connections.

This authorization is for the time period of forty-five (45) days from the date on this warrant -- *i.e.*,

from January 16, 2019, to March 1, 2019, 11:59 p.m. (CT), pertaining to the **subject cellular**

**telephone** identified herein.

IT IS FURTHER ORDERED that the Service Provider, any telecommunications service

providers reflected in Attachment 1, to include providers of any type of wire and/or electronic

communications, to include providers of any type of wire and/or electronic communications, and

any other applicable service providers, shall initiate caller identification on the **subject cellular**

5

**telephone**, without the knowledge of or notification to the subscriber, for the purpose of registering incoming telephone numbers.

IT IS FURTHER ORDERED that, pursuant to Title 18, United States Code, Section 3123(b)(2), the telecommunications service providers reflected in Attachment 1, to include providers of any type of wire and/or electronic communications, and any other applicable service providers, shall furnish the agents/officers of the investigative agency(ies), and other authorized federal/state/local law enforcement agencies, forthwith all information, facilities, and technical assistance necessary to accomplish the installation and use of the pen register and trap-and-trace devices, including enhanced caller identification, unobtrusively and with minimum interference to the services that are accorded persons with respect to whom the installation and use is to take place.

IT IS FURTHER ORDERED that the telecommunication service providers reflected in Attachment 1, to include providers of any type of wire and/or electronic communications, and any other applicable telecommunications service providers, shall provide the agents/officers of the investigative agency(ies), and other authorized federal/state/local law enforcement agencies, with the results of the pen register and trap-and-trace devices, including enhanced caller identification, at reasonable intervals for the duration of this Order.

IT IS FURTHER ORDERED that should the subject cellular telephone number and/or ESN, MIN, IMEI, MSID or IMSI number listed above be changed by the subscriber during the effective period of these Orders, the request for pen register and trap-and-trace devices, including enhanced caller identification, shall remain in effect for any new telephone to which the subject cellular telephone listed above is changed throughout the effective period of these Orders.

6

### Compensation, Sealing, Notification and Miscellaneous Relief

IT IS FURTHER ORDERED that the investigative agency(ies), and other authorized federal/state/local law enforcement agencies, are authorized to obtain the location information described herein at any time, day or night.

IT IS FURTHER ORDERED that the telecommunications service providers reflected in Attachment 1, to include providers of any type of wire and/or electronic communications, and any other applicable service providers, shall provide the agents/officers of the investigative agency(ies), and other authorized federal/state/local law enforcement agencies, with the following:

(1)     subscriber information;

(2)     length of service (including start date);

(3)     the types of service utilized;

(4)     instrument number or other subscriber number or identity, including any temporarily assigned network address;

(5)     all available names, addresses, and identifying information, and other subscriber and service feature information;

(6)     toll records including incoming and outgoing telephone numbers;

(7)     credit information, billing information, and air-time summaries for available service periods, for the IP (internet protocol) addresses being utilized by and signaled to and from the aforementioned subject cellular telephone,

for the telephone numbers being dialed to and from the aforementioned **subject cellular telephone** for the past thirty (30) days from the date of this Warrant and at reasonable intervals

7

for up to forty-five (45) days from the date of this Warrant -- *i.e.*, from January 16, 2019 to March 1, 2019, 11:59 p.m. (CT).

IT IS FURTHER ORDERED that the investigative agency(ies), and other authorized federal/state/local law enforcement agencies, will begin monitoring the location of the **subject cellular telephone** by one of the methods described in this Warrant and Order within ten (10) days of the date of this Warrant and Order.

IT IS FURTHER ORDERED that the telecommunications service providers reflected in Attachment 1, to include providers of any type of wire and/or electronic communications, and any other applicable service providers, shall be provided compensation by the lead investigative agency for reasonable expenses incurred in providing technical assistance.

IT IS FURTHER ORDERED that this Warrant and Order, and the application and affidavit of Special Agent Vincent Liberto, Bureau of Alcohol, Tobacco, Firearms, and Explosives, be sealed until further order of the Court.

IT IS FURTHER ORDERED that, pursuant to Title 18, United States Code, Sections 3123(d)(1) and (2) and 2705(b), the Service Provider, and the telecommunications service providers reflected in Attachment 1, to include providers of any type of wire and/or electronic communications, and any other applicable service providers, shall not to disclose the existence of this application and/or any warrant or order issued upon this application, or the existence of the investigation, for a period of one year from the date of this Order to a subscriber or lessee or to any other person, except that the provider may disclose the warrant to an attorney for the provider for the purpose of receiving legal advice.

8

IT IS FURTHER ORDERED that a representative of the investigating agency(ies) make a return to this Court upon the expiration of the authority granted pursuant to this Warrant.

This Warrant does not authorize interception of any communications as defined in Title 18, United States Code, Section 2510(4), but authorizes only the disclosure of signaling information, including cell site information, precision location information, including GPS information, related to the **subject cellular telephone**.

DAVID D. NOCE
UNITED STATES MAGISTRATE JUDGE
Eastern District of Missouri

Dated this _16th_ day of January, 2019.

Time: 3:15 pm

9

## LIST OF TELECOMMUNICATION SERVICE PROVIDERS

_____ T-MOBILE _____

and

| | | | |
|---|---|---|---|
| 01 Communications | Egyptian Telephone | Mid-Atlantic | Socket Telecom |
| Access Line Communication | Electric Lightwave, Inc. | Midvale Telephone Exchange | Spectrum |
| ACN, Inc. | Empire Paging | Mobile Communications | Sprint |
| ACS | Ernest Communications | Mound Bayou Telephone Co. | SRT Wireless |
| Aero Communications, Inc. (IL) | EZ Talk Communications | Mpower Communications | Star Telephone Company |
| Afford A Phone | FDN Communications | Navigator | Start Wireless |
| Airvoice Wireless | Fibernit Comm | Telecommunication | Sugar Land Telephone |
| Alaska Communications | Florida Cell Service | NE Nebraska Telephone | Sure West Telephone Company |
| Alhambra-Grantfx Telephone | Florida Digital Network | Netlink Comm | Talk America |
| Altice USA | Focal Communications | Network Services | Tele Touch Comm |
| AmeriTel | Frontier Communications | Neustar | Telecorp Comm |
| AOL Corp. | FuzeBox, Inc. | Neutral Tandem | Telepak |
| Arch Communication | Gabriel Comm | Nex-Tech Wireless | Telispire PCS |
| AT&T | Galaxy Paging | Nexus Communications | Telnet Worldwide |
| AT&T Mobility | Global Communications | NII Comm | Tex-Link Comm |
| Bell Aliant | Global Eyes Communications | North Central Telephone | Time Warner Cable |
| Big River Telephone | Global Naps | North State Comm | T-Mobile |
| Birch Telecom | Grafton Telephone Company | Northcoast Communications | Total Call International |
| Blackberry Corporation | Grand River | Novacom | Tracfone Wireless |
| Brivia Communications | Grande Comm | Ntera | Trinity International |
| Broadview Networks | Great Plains Telephone | NTS Communications | U-Mobile |
| Broadvox Ltd. | Harrisonville Telephone Co. | Oklahoma City SMSA | United Telephone of MO |
| Budget Prepay | Heartland Communications | ONE Communications | United Wireless |
| Bulls Eye Telecom | Hickory Telephone | ONSTAR | US Cellular |
| Call Wave | Huxley Communications | Optel Texas Telecom | US Communications |
| Cbeyond Inc. | iBasis | Orion Electronics | US LEC |
| CCPR Services | IDT Corporation | PacBell | US Link |
| Cellco Partnership, | Illinois Valley Cellular | PacWest Telecom | US West Communications |
| d/b/a Verizon Wireless | Insight Phone | PAETEC Communications | USA Mobility |
| Cellular One | Integra | Page Plus Communications | VarTec Telecommunications |
| Cellular South | Iowa Wireless | Page Mart, Inc. | Verisign |
| Centennial Communications | IQ Telecom | Page Net Paging | Verizon Telephone Company |
| CenturyLink | J2 Global Communications | Panhandle Telephone | Verizon Wireless |
| Charter Communications | Leap Wireless International | Peerless Network | Viaero Wireless |
| Chickasaw Telephone | Level 3 Communications | Pineland Telephone | Virgin Mobile |
| Choctaw Telephone Company | Locus Communications | PhoneTech | Vonage Holdings |
| Cimco Comm | Logix Communications | PhoneTel | Wabash Telephone |
| Cincinnati Bell | Longlines Wireless | Preferred Telephone | Wave2Wave Communications |
| Cinergy Communications | Los Angeles Cellular | Priority Communications | Weblink Wireless |
| Clear World Communication | Lunar Wireless | Puretalk | Western Wireless |
| Com-Cast Cable Comm. | Madison River | RCN Telecom | Westlink Communications |
| Commercial Communications | Communications | RNK Telecom | WhatsApp |
| Consolidated Communications | Madison/Macoupin Telephone | QWEST Communications | Windstream Communications |
| Cox Communications | Company | Sage Telecom | Wirefly |
| Cricket Wireless | Mankato Citizens Telephone | Seren Innovations | XFinity |
| Custer Telephone Cooperative | Map Mobile Comm | Shentel | XO Communications |
| DBS Communications | Marathon Comm | Sigecom LLC | Xspedius |
| Delta Communications | Mark Twain Rural | Sky Tel Paging | Yakdin Valley Telephone |
| Detroit Cellular | Max-Tel Communications | Smart Beep Paging | YMAX Communications |
| Dobson Cellular | Metro PCS | Smart City Telecom | Ztel Communications |
| | Metro Teleconnect | | |

## ATTACHMENT 1, TO INCLUDE PROVIDERS OF ANY TYPE OF WIRE AND/OR ELECTRONIC COMMUNICATIONS

Last Update: 06/21/2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN THE MATTER OF AN APPLICATION   )
OF THE UNITED STATES OF AMERICA   )
FOR A WARRANT TO OBTAIN   )
RECORDS, LOCATION INFORMATION,   )
INCLUDING PRECISION LOCATION   )   No. 4:19 MJ 25 DDN
INFORMATION, CELL SITE   )
INFORMATION, AND OTHER   )   **FILED UNDER SEAL**
SIGNALING INFORMATION   )
ASSOCIATED WITH THE CELLULAR   )
TELEPHONE HAVING THE NUMBERS   )
(314) 359-0409.   )

## MOTION FOR SEALING ORDER

COMES NOW the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Angie E. Danis, Assistant United States Attorney for said District, and moves this Court for an order directing that the warrant, along with its application, affidavit, and return, entered by this Court be sealed until July 16, 2019, except for the limited purposes of providing same to defense counsel pursuant to Rules 12 and 16 of the Federal Rules of Criminal Procedure.

In support of this Motion, the Government provides the following facts, establishing that (a) the government has a compelling interest in sealing the documents in question which outweighs the public's qualified First Amendment right of access to review those documents; and (b) no less restrictive alternative to sealing is appropriate or practical:

Because this investigation is ongoing and its success would be jeopardized if the contents of the affidavit were made public, the Government requests that the affidavit and the accompanying warrant documents be sealed for the stated period of time.

WHEREFORE, for the reasons stated above, the Government respectfully requests that the

warrant, along with its application, affidavit, and return, be sealed until July 16, 2019.

Dated this _____16th_____ day of January, 2019.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

ANGIE E. DANIS, #64805MO
Assistant United States Attorney

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN THE MATTER OF AN APPLICATION )
OF THE UNITED STATES OF AMERICA )
FOR A WARRANT TO OBTAIN )
RECORDS, LOCATION INFORMATION, )
INCLUDING PRECISION LOCATION ) No. 4:19 MJ 25 DDN
INFORMATION, CELL SITE )
INFORMATION, AND OTHER ) **FILED UNDER SEAL**
SIGNALING INFORMATION )
ASSOCIATED WITH THE CELLULAR )
TELEPHONE HAVING THE NUMBERS )
(314) 359-0409. )

## ORDER

On motion of the United States of America, IT IS HEREBY ORDERED that the warrant,

along with its application, affidavit, and return, and this Order issued thereto, be sealed until July

16, 2019, except for the limited purposes of providing same to defendant counsel pursuant to

Rules 12 and 16 of the Federal Rules of Criminal Procedure.

This Order is based upon the sealed motion of the Government establishing that: (a) the

government has a compelling interest in sealing the documents in question which outweighs the

public's qualified First Amendment right of access to review those documents; and (b) no less

restrictive alternative to sealing is appropriate or practical.

DAVID D. NOCE
United States Magistrate Judge

Dated this **16 th** day of January, 2019.